

**IN THE**
**TENTH COURT OF APPEALS**

_____

**No. 10-11-00401-CV**

**IN RE BARRY EMMETT**

_____

**Original Proceeding**

_____

**MEMORANDUM  OPINION**

_____

On October 20, 2011, relator, Barry Emmett, filed a petition for writ of mandamus in this Court.  *See* TEX. GOV'T CODE ANN. § 22.221 (West 2004); *see also* TEX. R. APP. P. 52.1.  In his petition, relator complains that the Anderson County District Clerk and Sheriff failed to carry out various ministerial duties.

This Court's mandamus jurisdiction is governed by section 22.221 of the Texas Government Code.  *See* TEX. GOV'T CODE ANN. § 22.221.  Section 22.221 expressly limits the mandamus jurisdiction of the courts of appeals to:  (1) writs against a district judge or county court judge in the court of appeals' district, and (2) all writs necessary to enforce the court of appeals' jurisdiction.  *Id.* § 22.221(a)-(b).  Here, Emmett complains about the actions of officials in Anderson County, a county which is not within the

Tenth District of Texas.[1]  Moreover, Emmett does not direct his petition against a district or county court judge.  Because the petition for writ of mandamus is directed toward officials who are not district or county court judges and are outside this Court's district and it is not necessary to enforce this Court's jurisdiction, we lack jurisdiction over this matter.  *See id.* § 22.221(b)(1).

Accordingly, Emmett's petition for writ of mandamus is ordered dismissed.


AL SCOGGINS
Justice


Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Dismissed
Opinion delivered and filed November 2, 2011
[OT06]

---

[1] In fact, Anderson County is within the Twelfth District of Texas.